**U. S. PHILIPS CORPORATION,**
Plaintiff-Appellee,

v.

**FERRO CORPORATION,**
Defendant-Appellant.

No. 75–1131.

United States Court of Appeals,
Sixth Circuit.

Sept. 3, 1975.

Milton L. Simmons, Cleveland, Ohio, for defendant-appellant; Richard J. Egan, Baldwin, Egan, Walling & Fetzer, Cleveland, Ohio, of counsel.

Robert B. Gosline, Toledo, Ohio, John D. Fairchild, Wilmington, Del., Rolf H. Scheidel, Toledo, Ohio, for plaintiff-appellee.

Before PHILLIPS, Chief Judge, and EDWARDS and MILLER, Circuit Judges.

PHILLIPS, Chief Judge:

This is a suit for infringement of two patents: No. 2,762,777, for "Permanent Magnet and Method of Making the Same", and No. 2,762,778, for "Method of Making Magnetically-Anisotropic Permanent Magnets".

The magnets produced under these patents are widely used for consumer, industrial, scientific and other purposes, including loudspeakers, electric motors and refrigerator door gaskets.

Although the defendants asserted invalidity at trial and the issue was decided adversely to them, no issue of validity is involved on this appeal, both patents having expired some nine months before the trial of this action. It is undisputed that the two patents were owned by plaintiff-appellee, U. S. Philips Corporations (Philips).

The case was tried before the District Judge and a jury. The jury returned the following special verdict against defendant-appellant, Ferro Corporation (Ferro):

> We, the Jury in the above-entitled action, unanimously find as follows:
>
> *Interrogatory:*
>
> (1) Did the defendant infringe any claim of the patents in suit found by the jury to be valid?
>
> > Unanimous answer of the Jury: Yes
>
> (Yes or No)

(2) If the Jury's answer to the above question is "Yes", what is the amount of the actual compensatory damages found by the Jury to have been proximately caused the plaintiff by the defendant's infringement?

Unanimous answer of the Jury: $43,241.14

(Amount of Actual Damages)

(3) If the Jury's answer to question number 1 is "Yes", were the defendant's acts of infringement "willfully" and "wantonly" done?

Unanimous answer of the Jury: No

(Yes or No)

Dated this 1st day of July, 1974.

Signed by KENNETH IRWIN

Foreman/Forelady of the Jury

District Judge Don J. Young overruled a motion for judgment notwithstanding the verdict and entered a judgment against defendant-appellant for $43,-241.14.

We affirm.

The issues in the case are mainly factual. In overruling the motion for judgment notwithstanding the verdict, the District Judge said:

The facts in the matter were highly disputed, and the testimony was in great conflict. The trial lasted several days, and the jury's deliberations took two days. The Court spent thirteen hours preparing the instructions to the jury, in the process studying somewhere in the vicinity of ninety special requests for instructions submitted by the parties.

The case was fairly heard, and the factual issues were properly submitted to and resolved by the jury. Far from appearing unreasonable, the verdict appears to the Court to be, if anything, more favorable to the defendant than it was entitled to have, in that it includes a finding that the infringement was not wilfully and wantonly done. The Court is inclined to feel that in this one respect the verdict was against the weight of the evidence, but the question was clearly for the jury, and the Court's feelings should not be set against the jury's resolution of it.

There does not appear to be any reason to uphold the defendant's elaborately argued claims of "file wrapper estoppel." Whether that question is one of law for the Court, or of fact for the jury, the factual basis for it is disputed, as are any inferences to be drawn from the facts. The evidence, however, leaves no room for doubt

. . . . .

■■ There is evidence in the record from which the jury could have concluded that Ferro manufactured and sold five different types of ferrite powder; that three of these were specifically compounded and recommended for use in the manufacture of ceramic bar magnets; and that the other two, powders 303 and 304, were specifically compounded and recommended for use in the manufacture of plastic bonded magnets. Ferro has never sold powder 303 or 304 for any use other than in the manufacture of magnets. At the time Ferro decided to go into the business of manufacturing and selling ferrite powders specifically compounded and recommended for use in the manufacture of magnets, it had known about the Philips patents for many years, and was aware that practically every company in the magnet industry was operating under royalty-bearing licenses from Philips. A license of the Philips patents was offered to Ferro. The reasons advanced by Ferro for refusing this patent license and its contentions that it was not guilty of infringing the Philips patents were rejected by the jury.

The resolution of conflicting evidence, credibility of witnesses and the weight of the evidence are matters within the province of the jury, and its verdict will not be disturbed if supported by the evidence. This long standing rule is stated by the Supreme Court in *Lavender v. Kurn,* 327 U.S. 645, 653, 66 S.Ct. 740, 744, 90 L.Ed. 916 (1946) as follows:

Whenever facts are in dispute or the evidence is such that fair-minded men may draw different inferences, a measure of speculation and conjecture is required on the part of those whose duty it is to settle the dispute by choosing what seems to them to be the most reasonable inference. Only when there is a complete absence of probative facts to support the conclusion reached does a reversible error appear. But where, as here, there is an evidentiary basis for the jury's verdict, the jury is free to discard or disbelieve whatever facts are inconsistent with its conclusion. And the appellate court's function is exhausted when that evidentiary basis becomes apparent, it being immaterial that the court might draw a contrary inference or feel that another conclusion is more reasonable.

█ Even complex patent cases are no exception to this rule. *See White v. Mar-Bel, Inc.,* 509 F.2d 287 (5th Cir. 1975).

The accounting period in the present litigation began November 17, 1966, six years before this suit for infringement was filed, and ended when the Philips patents expired on September 11, 1973. During this accounting period, Ferro's sales of powders 303 and 304 for making plastic-bonded magnets amounted to $864,822.97. The standard license agreements under the Philips patents required a royalty computed at five per cent of sales. The jury returned a verdict in that amount.

█ It is contended by Ferro that Philips is barred by file wrapper estoppel from asserting infringement by Ferro of any claim under either patent. On the present appeal the record contains ample evidence to support the jury's finding of either direct or contributory infringement. 35 U.S.C. § 271. In addition, in light of all the evidence the jury reasonably could have rejected the defense of file wrapper estoppel on the issue of infringement under the doctrine of equivalents. *See Kolene Corp. v. Motor City Metal Treating, Inc.,* 440 F.2d 77, 82 (6th

Cir.), *cert. denied,* 404 U.S. 886, 92 S.Ct. 203, 30 L.Ed.2d 169 (1971).

█ Ferro further contends that the equitable issues, such as file wrapper estoppel, should have been submitted to the court, rather than the jury. We find this contention to be without merit. *Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 479, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962); *See also* Annot., Right to Jury Trial in Patent Infringement Action in Federal Court, 18 A.L.R. Fed. 690 (1974). Further, the defendants failed to register timely and appropriate objections to the procedure followed by the District Court. *See* Fed.R.Civ.P. 38, 39; 9 Wright & Miller, Federal Practice & Procedure, paragraphs 2312, 2332 at 110.

Affirmed. Philips will recover its costs on the appeal from Ferro.